**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CHARLES GUARNIERI,

    Plaintiff,

        v.

DURYEA BOROUGH, et al.,

    Defendants.

NO. 3:05-CV-1422

(JUDGE CAPUTO)

**MEMORANDUM**

    Presently before the Court is Plaintiff Charles Guarnieri's motion for attorneys' fees and costs.  (Doc. 122.)  For the reasons set forth below, Plaintiff's petition will be granted in part and denied in part.  Plaintiff's counsel will be awarded forty-five thousand dollars ($45,000.00) in attorney's fees for her work and the work of her assistants.  Plaintiff will be awarded four thousand, five hundred forty-one dollars and ninety-nine cents ($4,541.99) in costs.

**BACKGROUND**

    Plaintiff Charles Guarnieri brought an action against Duryea Borough, Duryea Borough Council, Ann Dommes, Lois Morreale, Frank Groblewski, Edward Orkwis, Robert Webb, Audrey Yager, Joan Orloski, and Alfred Akulonis alleging violations of the procedural component of the Fourteenth Amendment and First Amendment retaliation claims. (Doc. 1.)  Plaintiff Guarnieri filed an Amended Complaint on December 21, 2006 adding another claim for First Amendment retaliation.  (Doc. 38.)  In its November 15, 2007 Memorandum and Order, the Court granted Defendants' motion for summary

judgment on the Fourteenth Amendment due process claims and the First Amendment retaliation claim based on the right to free speech.  (Doc. 51. )  A jury trial was held on the remaining claims for First Amendment retaliation.

Defendants Orwkis and Morreale were dismissed from the case on a Rule 50 motion after the close of Plaintiff's case.  The jury rendered a verdict on April 17, 2008 in favor of Plaintiff Guarnieri, for his First Amendment retaliation claim with respect to the issuance of the directives and the denial of overtime pay against Defendants Duryea Borough, Ann Dommes, Lois Morreale, Frank Groblewski, Edward Orkwis, Robert Webb, Audrey Yager,  Joan Orloski, and Alfred Akulonis.  (Doc. 101.)  The jury found in favor of all Defendants, however, on Plaintiff's claim of retaliation with respect to the denial of health care and life insurance benefits.  (*Id.*)

For Plaintiff's successful claims, the jury awarded damages for lost wages in the amount of five-thousand, three-hundred and fifty dollars ($5350.00) against Defendant Duryea Borough, and eleven-thousand, five-hundred and one dollars ($11,501.00) each against Ann Dommes, Lois Morreale, Frank Groblewski, Edward Orkwis, Robert Webb, Audrey Yager, Joan Orloski, and Alfred Akulonis. (*Id.*)

Defendants moved for post-trial relief, which the Court denied in a September 9, 2008 Order.  (Doc. 148.)  Defendants filed an appeal of the judgment and the September 9 Order.  (Doc. 150.)  That appeal is now pending.

In the present motion, Plaintiff requests attorneys' fees and costs in the amount of one hundred fifty-nine thousand, eight hundred sixty-four dollars and thirty-six cents ($159,864.36) for hours spent in preparation of Plaintiff's trial as well as the present fee motion.  (Doc. 122.)  Plaintiff filed a supplemental affidavit requesting an additional

2

thirteen thousand, three hundred eighty dollars and seventy-one cents ($13,380.71) in fees and costs for post-trial work.  (Doc. 149.)  Defendants did not respond to the request for additional fees and costs.

Defendants request the Court to defer ruling on attorney's fees pending their appeal.  However, a district court retains jurisdiction to review applications for attorney's fees while a case is appealed, *Sheet Metal Workers' Int'l Ass'n Local 19 v. Herre Bros., Inc.*, 198 F.3d 391, 394 (3d Cir. 1999), and "[t]he weight of authority ... is that the usual course is for the Court to consider attorney's fees promptly after the merits decision ...[,]" *In re Unisys Corp. Retiree Med. Benefits ERISA Litig.*, No. 03-3924, 2007 WL 4287393, at *2 (E.D. Pa. Dec. 4, 2007); *see also McLaughlin v. Fisher,* 2008 WL 4210475, at *2 (M.D. Pa. Sept. 9, 2008) (Caputo, J.) (finding that party's motion for costs was not prematurely filed while appeal was pending).  Therefore, the Court will decline Defendants' request to defer its ruling.  The fee motion is fully briefed and ripe for disposition.

**DISCUSSION**

The Court may award reasonable attorney fees and costs to the prevailing parties in § 1983 cases.  *See* 42 U.S.C. § 1988(b).  Plaintiffs "'may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278-79 (1st Cir. 1978)).  However, "[t]his is a generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee

is 'reasonable.'" *Id.*

###### I.     Attorneys' Fees - Reasonable Hours and Reasonable Fees

The United States Supreme Court has held that the "initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on litigation times a reasonable hourly rate." *Blum v. Stetson*, 465 U.S. 886, 888 (1984).  This amount is known as the "lodestar" figure, which is presumed to be the reasonable fee.  *Pennsylvania v. Delaware Valley Citizens' Counsel*, 478 U.S. 546, 565 (1986); *Pennsylvania v. Delaware Valley Citizens' Counsel*, 483 U.S. 711, 730-31 (1987).

In calculating the reasonable rate, the Court looks to the prevailing market rates in the relevant community.  *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001).  The Court should consider the experience and skill of the prevailing party's attorney, and compare the rates to those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.  *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001).  The prevailing party bears the burden of demonstrating that the requested hourly rates are reasonable.  *Id.*

The Court must also determine whether the number of hours spent on the litigation was a reasonable number of hours.  The Court "should review the time charged, decide whether the hours claimed were reasonably expended for each of the particular purposes described, and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'"  *Pub. Interest Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995) (citations omitted).  Thus, a trial court will "exclude from this initial fee calculation hours that were not reasonably expended on the litigation."  *Hensley v.*

*Eckerhart*, 461 U.S. 424, 434 (1983).   Using the lodestar methodology, the Court can calculate a reasonable attorney's fee.

Plaintiff's attorney suggests a rate of three hundred dollars ($300.00) per hour, for four hundred seventy-three and eight-tenths (473.8) hours spent on his case.  She asks for an additional two thousand four hundred dollars ($2,400.00) for preparation of this motion for attorney's fees.  This reflects an additional eight (8) hours of work at the suggested rate.  In total, Plaintiff's attorney requests the suggested three hundred dollar ($300) rate for four hundred eighty-one and eight-tenths (481.8) hours in Plaintiff's initial motion.  In the supplemental affidavit, Plaintiff's attorney claims an additional thirty-two and six-tenths (32.60) hours worked on post-trial motions.

*A.    Reasonable Hours*

Defendants argue that the number of hours requested by Plaintiff should be reduced as a number of these hours overlap with the case of *Lohman v. Duryea Borough,* 2008 WL 2951070 (M.D. Pa. July 30, 2008) (Caputo, J.).  Defendants also argue that a number of hours should be reduced as inappropriate, such as time spent speaking to the press.  Finally, Defendants argue that some of Plaintiff's time entries are excessive  and should be reduced.  The district court is to exclude from its fee calculation hours that were not "reasonably expended."  *Hensley*, 461 U.S at 434.  Therefore, the Court will address Defendants' arguments in turn.

1.    Overlap with *Lohman* Case

First, Defendants argue that a number of Plaintiff's hours are duplicative of the *Lohman* case.  Plaintiff has submitted time sheets detailing eighty-eight (88.00) hours of work in the year 2006 done in support of both Plaintiff Guarnieri and the companion case

of Nicholas Lohman.  Plaintiff admits that these eighty-eight (88.00) hours of work were done in support of both cases, and Defendants object to a full recovery of these hours so as not to duplicate fees.  In *Lohman*, plaintiff requested that all fees be granted to either Guarnieri or Lohman, and that the fee request not be split in half.

The Court there ruled that these hours would be split in half.  As discussed in this Court's opinion in *Lohman*, to split these hours in half is the most logical and fair way to deal with these fees.  2008 WL 2951070, at *3.  If the clients were paying the fees directly, neither client would be charged the full amount for work done in support of the two (2) cases; counsel would likely charge each client half of the full amount.  Therefore, the Court will treat the fees in the manner in which the clients would be treated.  *See Pub. Interest Research*, 51 F.3d at 1188.  This reduction is not be a "global" reduction as suggested by the Plaintiff.  Rather, it is a reflection of the way in which a client would be billed.  The number of hours will be divided in half, and Plaintiff's fees for hours worked for both Guarnieri and Lohman will be reduced to forty-four (44.00) hours.

In addition, Defendants point to a total of seventy-nine and seven-tenths (79.70) hours of Ms. Pollick's time—not attributed to the 2006 time sheet covering the eighty-eight (88) hours that will be split—that they argue should be reduced as duplicative of the *Lohman* case.  The time sheet Attorney Pollick admits is duplicative covers only a portion of the work done on Guarnieri's case in 2006.  On a separate time sheet, she lists an additional fifty-four and three-tenths (54.30) hours spent in support of his case in 2006.  She lists no work for the years 2005, 2007, or 2008 as supporting both cases.

The Court has reviewed the specific objections Defendants made to time entries for 2005, 2007, and 2008, as well as those from 2006 not attributed to the time sheet

already agreed to be duplicative.  After comparing the time sheets submitted for both the *Guarnieri* and *Lohman* cases, the Court notes numerous entries with time billed to both clients on the same date, for the same amount of time, and with the same description. The Court finds these entries to be duplicative of the *Lohman* case and will reduce them by fifty percent (50%).  For 2005, eight-tenths (.80) of an hour consists of identical entries and will be reduced to four-tenths (.40) of an hour.  For 2006, three and two-tenths (3.20) hours consist of identical entries that were not included in the eighty-eight (88) hours already found duplicative.  They will be reduced to one and six-tenths (1.60) hours.  For 2007, four-tenths (.40) of an hour consists of identical entries and will be reduced to two-tenths (.20) of an hour.  For 2008, six and two-tenths (6.20) hours consist of identical entries and will be reduced to three and one-tenth (3.10) hours.

In total, the Court will reduce as duplicative Plaintiff's hours by forty-nine and three-tenths (49.30) hours based on overlap with the *Lohman* case.

2.    Inapplicable Hours

Second, Defendants argue that Plaintiff has requested attorney's fees for time that is inapplicable to the Plaintiff's case.  The contested time includes telephone calls with the press regarding the case.  Generally, press communications are not compensable. *See Heavens v. Golfview Estates, Inc.*, Nos. 96 C 1294, 96 C 1318, 1997 WL 156486 (N.D. Ill. Mar. 31, 1997) (holding that generally press communications are not compensable, unless instigated by the opposing party).  Therefore, the Court will not consider any time that Plaintiff's counsel spent speaking with the press.  Defendants object to one and nine-tenths (1.90) hours claimed by Plaintiff for time with the press. This time will not be considered in Plaintiff's request for attorney's fees.

Defendants also note that several time sheet entries are inapplicable to Plaintiff Guarnieri's April 2008 trial.  They first point to a series of entries that they argue refer to a January 2008 employment issue unrelated to the present case.  These entries appear to reference problems faced by Guarnieri at work in early 2008—more recent than the events forming the basis of his claims at trial—and refer to a new healthcare plan that violates the collective bargaining agreement, which was not an issue raised in this case. Thus, the four and six-tenths (4.60) hours billed regarding this issue will be disregarded.

In addition, Defendants point out several entries relevant only to the *Lohman* case, including a telephone call with Nicholas Lohman, correspondence with a witness in Lohman's case, and correspondence regarding an error in the jury's verdict.  The telephone call with Lohman is relevant only to his case and the two-tenths (.20) of an hour billed will be disregarded.  Next, Plaintiff's attorney records a total of eight-tenths (.80) of an hour of correspondence with witness "DF."  No witness with these initials was listed as a potential witness in Guarnieri's case (Pl. Pretrial Memo. ¶ E, Doc. 61) or called at his trial (Trial Tr. Apr. 14 at 2, Doc. 129;  Trial Tr. Apr. 15 at 2, Doc. 130; Trial Tr. Apr. 16 at 2, Doc. 131).  The initials DF appear to reference Daniel Franklin, who was included in the list of potential witnesses for the *Lohman* case.  (Pl. Lohman Pretrial Memo. ¶ E, Dkt. No. 05-cv-1423, Doc. 67.)  Accordingly, the time attributed to this correspondence will be disregarded.  Finally, Plaintiff's attorney bills two-tenths (.20) of an hour for correspondence regarding a correction to the jury verdict.  This appears to refer to an inconsistency that was corrected in the jury verdict returned in the *Lohman* case, in which the jury awarded $1 in damages against a defendant that was found not to be liable. (Lohman Jury Verdict, Dkt. No. 05-cv-1423, Doc. .)  There were no such mistakes in the

8

Guarnieri case verdict.  (Guarnieri Verdict Slip, Doc. 101.)  The time attributed to this correspondence will be disregarded.

Defendants also argue that a number of entries in Plaintiff's attorney's time sheets are too vague to properly be billed.  To meet his initial burden of proving that requested fees are reasonable, Plaintiff must submit evidence of the hours worked that is "specific enough to allow the district court to determine if the hours claimed are unreasonable for the work performed." *Washington v. Phila. County Court of Common Pleas*, 89 F.3d 1031, 1037 (3d Cir. 1996).  To be specific enough, a petition must be "'fairly definite ... as to the hours devoted to various general activities, e.g., pretrial discovery, settlement negotiations' .... However, 'it is not necessary to know the exact number of minutes spent nor the precise activity to which each hour was devoted ....'"  *Id.* at 1037-38 (quoting *Rode v. Dellarciprete*, 892 F.2d 1177, 1190 (3d Cir. 1990)).  Though this standard does not demand perfection, the Court notes several time sheet entries from March 31, 2008, totaling one and one-tenth (1.10) hours, generically referring to a "room," "arrangements," and "forms," and including no indication of what case-related activity these descriptions reference.  The Court finds these entries are not specific enough to determine whether they are reasonable and thus will not consider them.

Finally, Defendants point out a time sheet entry on April 14, 2008 that appears to be an error. On that day, Plaintiff's attorney records two-tenths (.20) of an hour spent receiving and reviewing a notice of appearance by "Clark."  There was no such notice of appearance filed in this case; the Court will disregard this time.

In sum, the Court will disregard a total of nine (9) hours of time listed by the Plaintiff as inapplicable to Guarnieri's case.  The Court will not consider these hours in

calculation of Plaintiff's attorney's fees.

    3.    <u>Excessive Hours</u>

Lastly, Defendants argue that a number of Plaintiff's time sheet entries are excessive.  First, they argue that the time Attorney Pollick worked on the dates of trial and the day prior to trial is excessive.  Ms. Pollick requests fees for nineteen and six-tenths (19.60) hours worked on April 13, 2008, nineteen and six-tenths (19.60) hours on April 14, 2008,[1] nineteen and seven-tenths (19.70) hours on April 15, 2008, and eighteen (18) hours on April 16, 2008.

Plaintiff argues that the number of hours requested on these dates is not excessive as "Plaintiff's counsel does not take breaks, nor leave the courthouse during the trial day for lunch.  Plaintiff's counsel is forced to burn the midnight oil since she has to prepare for all witnesses and argument because she stands alone at trial."  (Pl. Mot. for Att'ys Fees Reply Br. 13, Doc. 136.)  Although the Court notes that Attorney Pollick was the only attorney representing the Plaintiff, the time requested on the days of trial is excessive.  The Court finds that a fourteen (14.00) hour day during the day of trial and during the day preceding trial is appropriate.  Therefore, for April 13 through April 16, the Court will consider fourteen (14.00) hours per day.  This is a reduction of twenty and nine-tenths (20.90) hours, from seventy-six and nine-tenths (76.90) hours to fifty-six (56) hours.

---

[1]    As Defendants note, Plaintiff's attorney's time records for this day reflect nineteen and eight-tenths (19.80) hours worked.  However, the Court has already disregarded two-tenths (.20) of these hours as inapplicable because they refer to the receipt and review of a notice of appearance that was not filed in this case.

Defendants also argue that Plaintiff's time spent on the opposition to Defendant's summary judgment motion was excessive.  Plaintiff's counsel asserts that she spent twenty-six (26) hours preparing the brief in opposition.  Defendants argue that this is unreasonable.  However, the Court disagrees, and finds that twenty-six (26) hours spent in preparation of an opposition to a summary judgment motion is not unreasonable.

Defendants further argue that eleven (11.00) hours spent in preparation for voir dire on April 6, 2008 is excessive.  The Court agrees.  The Court will reduce the amount of hours for voir dire from eleven (11.00) hours to four (4.00) hours, a reduction of seven (7.00) hours.

Defendants next contest the six (6) hours Plaintiff's attorney billed to prepare ten (10) subpoenas for trial and accompanying letters,[2] arguing the time is excessive because the task involved merely changing a name on the same form and letter.  Ms. Pollick bills four-tenths (.40) of an hour for each subpoena and two-tenths (.20) for each accompanying letter.  The Court agrees this is an unreasonable amount of time to spend preparing identical documents.  The Court will reduce the amount from six (6.00) to two (2.00) hours, a reduction of four (4.00) hours.

Similarly, Defendants argue that the two and six-tenths (2.60) hours Plaintiff's attorney billed to prepare correspondence advising thirteen (13) witnesses of a change in

_____

[2]    The Court notes that Plaintiff's attorney bills twice for sending this correspondence to Officer James.  This appears to be an error.  One of these duplicate entries is seemingly meant to reference Officer Jones, as Plaintiff's attorney prepared a subpoena for him but did not bill for the accompanying correspondence.

courthouse location[3] is excessive because the task involved merely changing a name on the same letter. Ms. Pollick bills two-tenths (.20) hours for the preparation of each letter. The Court agrees this is an unreasonable amount of time to spend preparing identical documents and will reduce the hours from two and six-tenths (2.60) to one (1) hour, a reduction of one and six-tenths (1.60) hours.

Finally, Defendants object to two time sheet entries on April 12, 2008. First, Defendants dispute that it would take Plaintiff's attorney an hour to travel to and from the town in which her office is based to pick up exhibits for trial. It is not known where in the town Plaintiff had to travel or how many stops she had to make and so the Court disagrees that an hour travel time is unreasonable. Second, Defendants argue that seven (7) hours spent that day preparing Plaintiff's opening statement is excessive. The Court has already significantly reduced hours billed for preparation of the opening statement included in Plaintiff's hours worked on April 13, 2008 and will not reduce them further.

In total, the Court will reduce Plaintiff's hours by thirty-three and five-tenths (33.50) hours due to the excessive nature of the hours claimed. The Court will not consider these hours in calculation of Plaintiff's attorney's fees.

4.     Total Reduction in Hours

In his initial fee motion, Plaintiff requested fees for a total of fourhundred eighty-one and eight-tenths (481.8) hours. The Court will reduce this number based upon

---

[3]     Plaintiff's attorney's time records reflect three (3) hours spent on this task, but the Court has already disregarded four-tenths (.40) of these hours as inapplicable because they refer to a witness associated only with the *Lohman* case.

duplicativeness, inapplicability, and excessiveness.  First, the Court will reduce the number of hours by forty-nine and three-tenths (49.30) hours for duplicativeness. Second, the Court will reduce the number of hours by nine (9) hours for inapplicability. Third, the Court will reduce the number of hours by thirty-three and five-tenths (33.50) hours due to excessiveness.  In total, the Court will reduce Plaintiff's request by ninety-one and eight-tenths (91.8) hours.  The Court will permit a total of three hundred ninety (390) hours.

> B.      Reasonable Fee

Defendants also dispute the reasonableness of the hourly rate requested by Plaintiff's attorney.  Ms. Pollick charges three hundred dollars ($300.00) per hour. (Pollick Decl. ¶ 11, Apr. 28, 2008, Doc. 122.)  Examining  identical supporting documentation, this Court decided in *Lohman* that two hundred fifteen dollars ($215) per hour was a reasonable fee, based on Ms. Pollick's skill, reputation, and experience. 2008 WL 2951070 at *6 -*8.  The Court will adopt that rate in the present case based on the reasoning in that opinion.

> C.      Lodestar Calculation

> 1.      Lodestar for Ms. Pollick

In order to calculate the lodestar, the Court must find the product of the reasonable hours times the reasonable fee.  For Plaintiff's attorney's work up to and during trial, the Court found a reasonable number of hours to be three hundred ninety (390) hours.  Defendants have not objected to Plaintiff's supplemental request for an additional thirty-two and six-tenths (32.60) hours spent on post-trial work.  Accordingly, the Court will not reduce these hours.  The reasonable fee was found to be two hundred

fifteen dollars ($215.00). Ms. Pollick's lodestar figure for work done up to and during trial is eighty-three thousand, eight hundred fifty dollars ($83,850.00). The lodestar figure for post-trial hours is seven thousand nine dollars ($7,009.00).

  2. Legal Assistant Lodestar

  Although in his motion Plaintiff does not specifically request fees for the work of legal assistants, he seeks a total sum before costs that is greater than Ms. Pollick's claimed hours multiplied by her suggested three hundred dollar ($300) rate. Given that Plaintiff also submits time sheet entries for the work of legal assistants, the Court assumes this additional sum is requested for their time. Plaintiff's motion does not give a billing rate for these hours. However, this Court utilized a seventy-five dollar ($75) per hour rate in the *Lohman* companion case and will apply the same rate here. 2008 WL 2951070 at *9.

  Looking at the hours recorded for legal assistant work in the time sheets submitted by Ms. Pollick, seven and nine-tenths (7.90) hours are attributed to the those 2006 entries that she admits were done in support of both the *Lohman* and *Guarnieri* cases. For the reasons previously stated, the work done in support of both cases will be reduced by fifty percent (50%). Therefore, this time will be reduced by three and ninety-five-hundredths (3.95) hours.

  Other hours attributed to legal assistants in preparation and support of trial are as follows: seven (7) hours in 2005; four and one-tenth (4.10) hours in 2006; three and eight-tenths (3.80) hours in 2007; and eighty-three and seven-tenths (83.70) hours in 2008. The Court has reviewed the Defendant's objections to these hours and finds that there are no hours of overlap with the *Lohman* case other than those already reduced.

14

An entry for two-tenths (.20) of an hour on April 1, 2008 will be disregarded as inapplicable because it refers to a telephone call with Nicholas Lohman.  Defendants do not make any objections on excessiveness grounds.  In total, the Court will consider one hundred two and thirty-five hundredths (102.35) hours for the work of legal assistants in preparation and support of trial.  The loadstar figure for these hours is seven thousand, six hundred seventy-six dollars and twenty-five cents ($7,676.25).

Plaintiff requests compensation for an additional twenty-six and six-tenths (26.60) hours worked by legal assistants on post-trial matters.  Defendants have not objected to these hours and thus the Court will not reduce the request.  The lodestar figure for these hours is one thousand, nine hundred ninety-five dollars ($1,995.00).

3.      Legal Researcher Lodestar

In Plaintiff's supplemental fee request, Plaintiff's attorney submits costs for fifteen and eight-tenths (15.80) hours of work by legal researchers at a rate of one hundred dollars ($100) per hour.  Defendants have not objected to the requested hours or rate.  Accordingly, the Court will allow their inclusion in the total lodestar sum.  The lodestar figure for these hours is one thousand, five hundred eighty dollars ($1,580.00).

4.      Other Considerations

"The product of reasonable hours times a reasonable rate does not end the inquiry.  There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Hensley*, 461 U.S at 434. _

D.      The Twelve _Johnson_ Factors

A court may consider other factors besides the reasonable rate times reasonable

hours to adjust the fee upwards or downwards.  *Hensley*, 461 U.S. at 434.  In *Hensley,*

461 U.S. at 429-30, the Supreme Court held that "[t]he amount of the fee, of course,

must be determined on the facts of each case. On this issue the House Report [on 42

U.S.C. § 1988] simply refers to twelve factors set forth in *Johnson v. Georgia Highway*

*Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)."  The twelve (12) factors are:

> (1) the time and labor required;

> (2) the novelty and difficulty of the questions;

> (3) the skill requisite to perform the legal service properly;

> (4) the preclusion of employment by the attorney due to acceptance of the case;

> (5) the customary fee;

> (6) whether the fee is fixed or contingent;

> (7) time limitations imposed by the client or the circumstances;

> (8) the amount involved and the results obtained;

> (9) the experience, reputation, and ability of the attorneys;

> (10) the "undesirability" of the case;

> (11) the nature and length of the professional relationship with the client; and

> (12) awards in similar cases._____

*Id.* at 430 n.3 (citing *Johnson*, 488 F.2d at 717-19).  Many of these factors are subsumed

in the rate times hours calculation, but they may be considered as part of a court's

consideration of overall fees.  *Id.* at 434.  *Hensley* noted that "the amount involved and

the results obtained" is relevant to a fee award, and that "[t]he importance of this

relationship is confirmed in varying degrees by other cases cited approvingly in the

Senate Report [on 42 U.S.C. § 1988]."  *Id.* at 430.  The Supreme Court found that

16

appropriate fees result when the fees "are adequate to attract competent counsel, but . . . do not produce windfalls to attorneys." *Id.* at 430 n.4.  _____

  E. Apportionment

  Defendants argue that the number of hours requested by Plaintiff Guarnieri should be apportioned based upon the number of successful claims.  The *Hensley* Court considered a case where plaintiffs brought multiple claims in one lawsuit.  *Hensley*, 461 U.S. at 434-35.  The Court noted that a fee award should be limited when a lawsuit brings different claims of relief based upon different facts and legal theories.  *Id.*  Fees should be limited in such a case when the work on one claim is unrelated to the work on another claim.  *Id.*  A court would treat these claims as if they were raised in separate lawsuits. *Id.*  But, the Court noted that some cases involve a common core of facts or are based on related legal theories.  *Id.* at 435.  In such a case, it would be difficult to divide the hours on a claim-by-claim basis.  *Id.*  The Court rejected a mathematical approach to reducing the fees by the ratio of claims on which the plaintiff prevailed.  *Id.* at 435 n.11.

  The Court noted that if "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount."  *Id.*  This excessiveness could arise "even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith."  *Id.* In explaining the possibility of an excessive fee recovery, the Court emphasized that the degree of success obtained is the most critical factor. *Id.*

  In this case, most of Plaintiff's claims arose from a common core of facts, namely the speech issues surrounding Plaintiff Guarnieri, and retaliation based upon his filing of grievances.  Therefore, the Court will not apportion the fees based on the number of

claims as requested by the Defendants.  Rather, the Court will consider the total lodestar figure in light of the relevant *Johnson* factors, with particular consideration for the results achieved.

  G.   *The Court's Award of Fees*

Ms. Pollick's lodestar figure for her work in preparation for and during trial was calculated to be eighty-three thousand, eight hundred fifty dollars ($83,850.00).  The lodestar figure for her legal assistants' work before and during trial was calculated to be seven thousand, six hundred seventy-six dollars and twenty-five cents ($7,676.25).  The total sum for these hours is ninety-one thousand, five hundred twenty-six dollars and twenty-five cents ($91,526.25).

Ms. Pollick's lodestar figure for post-trial hours was calculated to be seven thousand nine dollars ($7,009.00).  That of her legal assistants was calculated to be one thousand, nine hundred ninety-five dollars ($1,995.00).  The lodestar figure for her legal researchers was calculated to be one thousand, five hundred eighty dollars ($1,580.00). The total sum for these post-trial hours is ten thousand, five hundred eighty-four dollars ($10,584.00).  The combined sum for pre-and-post trial work is one hundred and two thousand, one hundred ten dollars and twenty-five cents ($102,110.25).

In this case, the Court finds that the lodestar value, or the product of the reasonable rate times the reasonable hours, results in an excessive fee award.  As per *Hensley*, a court may consider other facts in determining an award.  *Hensley*, 461 U.S at 434.

Plaintiff's attorney did achieve a successful result for her client.  She succeeded

18

on  two of her four original § 1983 claims and won a verdict of about ninety-seven

thousand dollars ($97,000.00) including punitive damages.  Looking at the results

obtained in a vacuum would justify no more than a limited downward departure from the

lodestar value.  However, taking the end result in broader context, including its relation to

the *Lohman* case, several other *Johnson* factors justify a reduced award.

First, the Court considers the time and labor required to litigate the case.  It is

undoubted that Ms. Pollick devoted many hours to Plaintiff's case, but the similarity to the

*Lohman* case also allowed a great deal of overlapping labor.  The two cases raised

similar claims, involved most of the same defendants, and had consolidated discovery.

Moreover, a number of the submissions to the Court on both cases from both parties

were nearly identical.  The novelty and difficulty factor is implicated for similar reasons.

Plaintiff's counsel has brought numerous § 1983 claims before this Court in the past,

including First Amendment Retaliation claims.  The issues are not new to Ms. Pollick, nor

did this case present any particularly difficult or complex questions.  Indeed, the claims

were very similar to those in the *Lohman* case.  The basic nature of the claims required

no specialized skill in the prosecution of the case.  The case cannot be considered

"undesirable" - there is no evidence that Mr. Guarnieri was unable to attract other

attorneys to this case.

Another *Johnson* factor considers whether the fee is fixed or contingent.  Ms.

Pollick notes that she took Mr. Guarnieri's case on a contingent basis.  (Pl. Mot. for Att'ys

Fees Reply Br. 13, Doc. 136.)  She does not specify what contingency terms she

established with her client.  However, applying the customary thirty-three percent (33%)

rate, Ms. Pollick would be entitled to about thirty-three thousand, seven hundred dollars

19

($33,700.00) were she limited to a contingency fee portion of her client's award.  Applying

a forty percent (40%) rate, she would receive about forty thousand, eight hundred fifty

dollars ($40,850).  The total lodestar sum in this case is just shy of two and a half times a

forty percent (40%) contingency rate.  While a contingency does not place a ceiling on

the recovery of attorney's fees under § 1988, the Court is mindful also of the *Hensley*

court's warning that an appropriate fee should not produce a windfall for an attorney.  461

U.S. at 430 n. 4.

The final *Johnson* factor the Court considers here is awards in similar cases.  In

particular, the Court notes its previous award to Ms. Pollick in the *Lohman* case.  In

*Lohman*, this Court awarded Ms. Pollick thirty-thousand dollars ($30,000) in fees. 2008

WL 2951070 at *13.  The Court's award there was influenced by different factors than the

present case, most notably the results obtained factor.  Moreover, the award in *Lohman*

did not account for any hours spent on post-trial work.  Nonetheless, the Court notes the

severe incongruity in awards that would result between two cases involving similar

issues, parties, and hours if the lodestar figure here remains unchanged.

Based upon the *Johnson* factors, the Court finds that a downward departure of the

lodestar is warranted.  The Court will award Plaintiff forty thousand dollars ($40,000.00)

for fees up to and during trial.  The Court will award Plaintiff five thousand dollars

($5,000.00) for post-trial fees.

## II.      Costs

Plaintiff's counsel also submits costs in the amount of six thousand, five hundred

thirty-six dollars and eighty-six cents ($6,536.86) for the period up to and during trial.

Plaintiff's records indicate that three thousand, five hundred thirty-five dollars and fifty

Case 3:05-cv-01422-ARC   Document 153   Filed 10/09/08   Page 21 of 23

cents ($3,535.50) in costs were in support of both the *Lohman* and *Guarnieri*.  The Court will divide these costs in half, and one thousand, seven hundred sixty-seven dollars and seventy-five cents ($1,767.75) will be awarded in costs for work done on both cases.

The other costs for this time period amount to three thousand one dollars and thirty-six cents ($3,001.36).  Of these, Defendants object to the costs of telephone calls to the press and the purchase of a soda at a deposition.  The Court agrees that these are inappropriate costs.  Therefore, the Court will reduce these costs by two dollars and eighty-three cents ($2.83).[4]  In addition, Defendants object to the cost of witness fees for witnesses who did not testify at trial.  Plaintiff counters that the witnesses did not testify because Defendants objected to their testimony.  The Defendants' objection to the witnesses is irrelevant.  Because they did not testify, they did not contribute to the Plaintiff's successful outcome and their fee should not be billed to the opposing party.  The Court will further reduce the costs by two hundred and fifty dollars ($250.00) to account for these fees.

Plaintiff's counsel also submits an additional twenty-five dollars and seventy-one cents ($25.71) in post-trial costs.  Defendants have not objected to these costs and the Court will award them accordingly.

In total, the Court will award Plaintiff four thousand, five hundred forty-one dollars and ninety-nine cents ($4,541.99).

---

[4]    The Court excludes only half the cost of the soda because it was among the costs billed in support of both cases and has already been reduced by fifty percent (50%).

21

**CONCLUSION**

For the reasons stated above, Plaintiff's request for attorneys' fees and costs (Doc. 122) will be granted in part and denied in part.

An appropriate Order follows.


October 9, 2008                                     /s/ A. Richard Caputo
Date                                                A. Richard Caputo
                                                    United States District Judge

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

CHARLES GUARNIERI,

       Plaintiffs,

          v.

DURYEA BOROUGH, et al.,

       Defendants.

NO. 3:05-CV-1422

(JUDGE CAPUTO)

## <u>ORDER</u>

**NOW**, this  9th  day of October, 2008, **IT IS HEREBY ORDERED** that Plaintiff's motion for attorneys' fees and costs (Doc. 122) is **GRANTED IN PART** and **DENIED IN PART** as follows:

    (1)    Attorney's fees for Ms. Cynthia Pollick are awarded in the amount of forty-five thousand dollars ($45,000.00)

    (2)    Costs are awarded in the amount of four thousand, five hundred forty-one dollars and ninety-nine cents ($4,541.99).

 

                                                /s/ A. Richard Caputo
                                              A. Richard Caputo
                                              United States District Judge