**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHARLES GUARNIERI, | |
| Plaintiff, | NO. 3:05-CV-1422 |
| v. | (JUDGE CAPUTO) |
| DURYEA BOROUGH, et al., | |
| Defendants. | |

**MEMORANDUM ORDER**

Presently before the Court is the Motion to Stay Proceedings to Enforce Judgment Pending Appeal of Defendants Duryea Borough, Ann Dommes, Lois Morreale, Frank Groblewski, Edward Orkwis, Robert Webb, Audrey Yager, Joan Orlowski, and Alfred Akulonis. (Doc. 159.) For the reasons stated below, the Court will deny Defendants' motion. Also before the Court is Plaintiff Charles Guarnieri's Motion to Enforce Judgment. (Doc. 156.) Because the issues and arguments raised by both parties in relation to Plaintiff's motion are identical to those raised in relation to Defendant's motion, the Court will deny Plaintiff's motion as moot in light of its disposition of Defendant's motion.

On April 17, 2008, Plaintiff obtained a jury verdict in his favor against Defendants on two claims of First Amendment retaliation. (Doc. 101.) The jury awarded damages in the amount of five-thousand, three-hundred fifty dollars ($5,350) against Defendant Duryea Borough, and eleven-thousand, five-hundred and one dollars ($11,501) each against Ann Dommes, Lois Morreale, Frank Groblewski, Edward Orkwis, Robert Webb, Audrey Yager, Joan Orloski, and Alfred Akulonis. (*Id*.) Defendants moved for post-trial relief, which the Court denied in a September 9, 2008 Memorandum and Order. (Doc. 148.) Defendants

filed an appeal of the judgment and the September 9 Order. (Doc. 150.) That appeal is now pending.

Defendants now move for a stay of execution of the judgment against them pending appeal without the necessity of posting a supersedeas bond. They argue they are entitled to a stay without bond pursuant to Federal Rule of Civil Procedure 62(f). Plaintiff does not contest Defendants' right to a stay of judgment upon posting a supersedeas bond, but opposes waiver of the bond. Defendants' motion is fully briefed and ripe for disposition.

The decision to grant a stay of proceedings to a enforce a judgment is governed by Federal Rule of Civil Procedure 62 ("FRCP 62"). Generally, an party may obtain a stay pending appeal by posting a supersedeas bond. FRCP 62(d) provides:

> **(d) Stay with Bond on Appeal.** If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2).[1] The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

In some circumstances, a party may obtain a stay in accordance with state law. FRCP 62(f) provides:

> **(f) Stay in Favor of a Judgment Debtor Under State Law.** If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.

FRCP 62(f) therefore "embodies two prerequisites to its operation: (1) under the applicable law, the judgment must result in a lien on the judgment debtor's property, and (2) state law must provide for a stay." *N. Am. Specialty Ins. Co. v. Chichester Sch. Dist.*, No.

---

[1] These rules are not applicable to the present case.

99-cv-2394, 2001 U.S. Dist. LEXIS 5544, at *3 (E.D. Pa. Apr. 4, 2001) (citing *Hurley v. Atl. City Police Dept.*, 944 F. Supp. 371, 372 (D.N.J. 1996)).

Defendants have not shown that the first prerequisite is met. Under Pennsylvania law, a judgment is a lien upon the real property of the debtor in the county in which the judgment is recorded. *See* 42 Pa. Cons. Stat. § 4304 (2008) ("Any judgment or other order of a court of common pleas for the payment of money shall be a lien upon real property ...."); *In re Upset Sale, Tax Claim Bureau of Berks County*, 479 A.2d 940, 943 (Pa. 1984) (when recorded, judgment acts as lien on debtor's real property in county of recording); *Munoz v. City of Philadelphia*, 537 F. Supp. 2d 749, 750 (E.D. Pa. 2008) (same). There is no evidence on the record that the judgment against Duryea Borough was recorded in Luzerne County, where the municipality and presumably its property are located. As to the individual Defendants, there is no evidence on the record that the judgment against each was recorded in a county in which he or she owns real property. Therefore, Court cannot conclude that the judgment is a lien on the property of any Defendant under Pennsylvania law.

On the current record, Defendants are not entitled to a stay without posting a supersedeas bond under FRCP 62(f). Defendants may obtain a stay by posting a bond sufficient to cover the full judgment, as well as post-judgment interest and costs. *Cashman Equip. Corp. v. U.S. Fire Ins. Co.*, No. 06-cv-3259, 2008 U.S. Dist. LEXIS 95657, at *13 (E.D. Pa. Nov. 31, 2008).

As Plaintiff's Motion to Enforce Judgment (Doc. 156) and accompanying briefs raise the same issues and arguments as Defendants' motion, it is denied as moot in light of the Court's disposition of the latter.

**NOW**, this  10th  day of February, 2009 **IT IS HEREBY ORDERED** that:

(1)　Defendants' Motion to Stay Proceedings to Enforce Judgment Pending Appeal (Doc. 159) is **DENIED**.

(2)　Plaintiff's Motion to Enforce Judgment (Doc. 156) is **DENIED** as moot.

　　　　　　　　　　　　　　　　　　　　　/s/ A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　A. Richard Caputo
　　　　　　　　　　　　　　　　　　　　　United States District Judge