# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES J. GUARNIERI, Jr., | |
| | Plaintiff, CIVIL ACTION NO. 3:05-CV-1422 |
| v. | |
| | (JUDGE CAPUTO) |
| DURYEA BOROUGH, et al., | |
| Defendants | |

## MEMORANDUM ORDER

Presently before the Court are three motions: (1) Plaintiff's Motion for Post Judgment Interest on Award (Doc. 168); (2) Defendants' Motion for Stay of Decision on Attorney Fees (Doc. 178); and (3) Plaintiff's Motion for Permission to Respond to Defendants' Allegations that Time Records Are Not Specific Enough (Doc. 185). On April 17, 2008, a jury returned a verdict in favor Plaintiff awarding both compensatory and punitive damages. (Doc. 132.) This Court awarded Plaintiff attorney's fees on October 9, 2008. (Doc. 153.) Plaintiff and Defendants cross-appealed the jury verdict and the attorney's fees award to the Third Circuit Court of Appeals. (Doc. 154.) On appeal the court affirmed the verdict as to compensatory damages, reversed the verdict as to punitive damages, and remanded the case directing this Court to recalculate Plaintiff's award of attorney's fees consistent with its opinion. On March 12, 2010, the mandate of the Third Circuit Court of Appeals was entered. (Doc. 171.) Before this Court recalculated Plaintiff's attorney's fees, the parties filed the motions presently before this Court. I will address each of these motions seriatim.

**I.    Plaintiff's Motion for Post-Judgment Interest (Doc. 168)**

1

Plaintiff requests that post-judgment interest be awarded both as to the judgment entered for the jury verdict and on the award of attorney's fees. Post-judgment interest is statutorily mandated for all judgments pursuant to 28 U.S.C. § 1961. *Dunn v. HOVIC*, 13 F.3d 58, 62 (3d Cir. 1993). The statute dictates that "[s]uch interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. [sic] the date of the judgment." 28 U.S.C. 1961(a). Interest is to be computed daily to the date of payment and compounded annually. 28 U.S.C. § 1961(b). As a threshold matter, Plaintiffs' request for post-judgment interest on the award of attorney's fees is moot because this Court has not yet awarded attorney's fees. While this Court originally awarded fees on October 9, 2008, the Third Circuit Court of Appeals reversed that award and directed this Court to recalculate an appropriate award. Therefore, as to Plaintiff's request for post-judgment interest on the attorney's fees award, the motion will be denied.

Post-judgment interest is appropriate as to the portion of the judgment entered in favor of Plaintiff that was affirmed by the Third Circuit Court of Appeals. The jury awarded $45,358 in compensatory damages, and judgment was entered on April 18, 2008. (Docs. 102-10.) The applicable interest rate for that date is 1.63%. Federal Reserve Statistical Release, http://www.federalreserve.gov/releases/h15/20080421/(April 21, 2008, noting rate for week ending April 11, 2008). It has been two years, four months, and twelve days since the entry of judgment, or eight hundred sixty-four (864) days. This is equivalent to 2.37 years. Compounded annually, this yields post-judgment interest in the amount of $1,771.83, or

2

combined with the principle a present amount owed of $47,129.83.[1] This amount should be re-calculated daily from the date of this Memorandum and Order until the date upon which payment is made using the formula outlined in the footnotes. Thus, as to postjudgment interest on the award of compensatory damages, Plaintiff's motion will be granted.

## II.     Defendants' Motion to Stay (Doc. 178)

Defendants' motion requests that this Court stay its recalculation of Plaintiff's attorney's fees award pending resolution of Defendants' petition for a writ of certiorari to the Supreme Court. There are four factors to consider when determining whether to issue a stay pending appeal: "(1) the likelihood of success on the merits; (2) irreparable injury to the moving party if the stay is denied; (3) substantial injury to the party opposing the stay if one is issued; and (4) whether granting the stay would be in the public interest." *Kahn v. Elwood*, 232 F. Supp. 2d 344, 349 (M.D. Pa. 2002) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).[2] As to the first factor, in the context of a stay pending a writ of certiorari, a stay applicant must be able to show "that it is reasonably likely that four Justices of [the Supreme Court] will vote to grant the petition for writ of certiorari, and that, if they do so vote, there is a fair prospect that a majority of the Court will conclude that the decision below was erroneous." *O'Brien v. O'Laughlin*, 130 S. Ct. 5, 6 (2009). Defendants do not demonstrate that there is a reasonable

---

[1] To calculate the present amount owed including interest ("I"), the Court multiplies the principal ("P") by the interest rate ("R") plus one, raised to the power of the number of years ("Y"). Thus, $I = P * (1 + R)^Y$.

[2] While Defendants argue that the factual background of *Hilton v. Braunskill* makes this standard inapplicable, courts have found this standard equally applicable to other cases requesting stay pending appeal. *See Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). Furthermore, this test has been referred to as the "standard" for granting stays pending appeal. *O"brien*.

likelihood that a writ of certiorari will be granted here. While Defendants have demonstrated that the Third Circuit Court of Appeals has reached a different conclusion than many other circuits regarding the scope of the First Amendment's protection for public employees filing grievances, this "split" has existed for sixteen (16) years and the Supreme Court has previouslydeclined to grant certiorari on this issue. *San Filippo v. Bongiovanni*, 30 F.3d 424, 440 (3d Cir. 1994), *cert denied*, 513 U.S. 1082 (1995) (declining to follow the reasoning of other circuits on this issue). As to the remaining elements, neither party is likely to suffer substantial or irreparable harm by the calculation of Plaintiff's attorney's fees as instructed by the Third Circuit Court of Appeals. And while this Court will utilize some time and resources in calculating an appropriate award of attorney's fees, this Court's calculations regarding the bulk of the hours spent and the reasonable hourly rate for Plaintiff's counsel were affirmed on appeal. The remaining work in calculating an appropriate fee award is not so great that the public interest in judicial economy lies in favor of staying this determination. Therefore, I find that Defendants have failed to meet their burden in establishing grounds for a stay. Defendants' motion to stay the calculation of Plaintiff's attorney's fees award will be denied.

## III.  Plaintiff's Motion to File a Responsive Brief (Doc. 185)

Plaintiff also requests that prior to this Court's determination on an appropriate fee award, that he have an opportunity to file a responsive brief regarding the additional hours spent litigating this action on appeal. Plaintiff previously filed such a motion (Doc. 182) as a response to Defendants' Memorandum of Law (Doc. 180). Plaintiff's motion was stricken because each party was permitted only one brief regarding the mandate from the Third Circuit Court of Appeals. (Doc. 175.) Defendants admit, however, that in recalculating a reasonable attorney's fees award this Court must consider additional hours submitted by Plaintiff for work

4

completed during the appellate process. (Defs.' Mem. on Att'y Fees Following Third Circuit Decision 5, Doc. 180.) In light of the fact that Defendants also used their memorandum regarding the mandate to dispute the additional hours submitted by Plaintiff, it is indeed equitable that Plaintiff be permitted to respond. Therefore, Plaintiff will be given seven (7) days from the date of this order to file a responsive brief, after which time the recalculation of an appropriate attorney's fees award will be ripe.

**NOW**, this 30th day of August 2010, **IT IS HEREBY ORDERED THAT**:

(1) Plaintiff's Motion for Post Judgment Interest on Award (Doc. 168) will be **GRANTED IN PART** and **DENIED IN PART** as follows:

(a) Plaintiff's request for post-judgment interest on the award of attorney's fees, the motion will be **DENIED AS MOOT**.

(b) Plaintiff is awarded post-judgment interest on the compensatory damage award in the amount of $1,771.83. This amount shall be compounded by any additional post-judgment interest that accrues between the date of this order and the date of payment.

(2) Defendants' Motion for Stay of Decision on Attorney Fees (Doc. 178) is **DENIED**.

(3) Plaintiff's Motion for Permission to Respond to Defendants' Allegations that Time Records Are Not Specific Enough (Doc. 185) is **GRANTED**.

(4) Plaintiff has **SEVEN (7) DAYS** from the date of this Order to file a responsive brief regarding Plaintiff's supplemental hours (Doc. 172).

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge