NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

_____

No. 08-3949
_____

CHARLES J. GUARNIERI, JR.,

v.

DURYEA BOROUGH; DURYEA BOROUGH COUNCIL;
ANN DOMMES, Individually and in her Official Capacity as
Council President; LOIS MORREALE, Individually and in her
Official Capacity as Borough Secretary; FRANK GROBLEWSKI,
Individually and in his Official Capacity as Councilman;
EDWARD ORKWIS, Individually and in his Official Capacity as
Councilman; ROBERT WEBB, Individually and in his Official Capacity
as Councilman; AUDREY YAGER, Individually and in her Official
Capacity as Councilwoman; JOAN ORLOSKI, Individually and in her
Official Capacity as Councilwoman; AKULONIS, Individually
and in his Official Capacity as Councilman,
                                                            Appellants

_____

No. 08-4428
_____

CHARLES J. GUARNIERI, JR.,
                                    Appellant
                    v.

DURYEA BOROUGH; DURYEA BOROUGH COUNCIL;
ANN DOMMES, Individually and in her Official Capacity
as Council President; LOIS MORREALE, Individually and
in her Official Capacity as Borough Secretary;
FRANK GROBLEWSKI, Individually and in his Official
Capacity as Councilman; EDWARD ORKWIS, Individually

and in his Official Capacity as Councilman; ROBERT WEBB,
Individually and in his Official Capacity as Councilman;
AUDREY YAGER, Individually and in her Official Capacity
as Councilwoman; JOAN ORLOSKI, Individually and in her
Official Capacity as Councilwoman; AKULONIS, Individually
and in his Official Capacity as Councilman

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-05-cv-01422)
District Judge: Honorable A. Richard Caputo

_____

Argued October 27, 2009
Not Precedential Opinion filed February 4, 2010

Certiorari granted June 20, 2011

On Remand from the Supreme Court of the United States


Before: SLOVITER, FUENTES and HARDIMAN Circuit Judges.

_____

Cynthia L. Pollick (Argued)
The Employment Law Firm
Pittston, PA  18640

    Attorney for Appellant in No. 08-4428
        Appellee in No. 08-3949

Karoline Mehalchick (Argued)
Joseph A. O'Brien
Oliver, Price & Rhodes
Clarks Summit, PA  l8411

Jennifer Walsh
Ufberg & Associates

2

Scranton, PA 18503

    Attorneys for Appellees in No. 08-4428
               Appellants in No. 08-3949

(Filed : August 2, 2011)
_____

OPINION
_____

SLOVITER, *Circuit Judge*.

The Supreme Court has vacated our opinion and judgment in this matter and remanded to this court. *See Borough of Duryea, Pa. v. Guarnieri*, 131 S. Ct. 2488 (2011), reversing *Guarnieri v. Duryea Borough*, 364 F. App'x 749 (3d Cir. 2010).

Charles Guarnieri filed a grievance challenging his termination as Chief of Police of the Borough of Duryea ("Borough"). The matter proceeded to arbitration pursuant to the police union's collective bargaining agreement. The arbitrator found, inter alia, that Guarnieri engaged in misconduct, but ordered his reinstatement after disciplinary suspension. Thereafter, the Borough Council issued eleven directives instructing Guarnieri in the performance of his duties, but he challenged those directives in a second union grievance and filed a lawsuit pursuant to 42 U.S.C. § 1983 claiming the directives were in retaliation for prior activity that he claimed was protected under the Petition Clause of the United States Constitution. Following a jury trial, the jury awarded Guarnieri compensatory and punitive damages which the District Court sustained. The

Borough appealed to this court, arguing that Guarnieri's actions were not protected under the Petition Clause.

Bound by its prior published opinions,[1] this court rejected the Borough's position, which was contrary to our precedent holding that "a public employee who has petitioned the government through a formal mechanism such as the filing of a lawsuit or grievance is protected under the Petition Clause from retaliation for that activity, even if the petition concerns a matter of solely private concern." *Foraker v. Chaffinch*, 501 F.3d 231, 236 (3d Cir. 2007) (citing *San Filippo v. Bongiovanni*, 30 F.3d 424 (3d Cir. 1994)). That holding has now been definitively rejected by the Supreme Court in this case where it held that a government employee's claim under the Petition Clause is subject to the public concern test applicable to a government employee who files a Free Speech Clause claim. *Guarnieri*, 131 S. Ct. at 2501 (citing *Connick v. Myers*, 461 U.S. 138 (1983)).

On receipt of the Supreme Court's opinion, we asked the parties to file simultaneous memoranda regarding the effect of the Supreme Court's decision on the remaining issues in this case. Both parties urge this court to determine whether Guarnieri's Petition Clause claims relate to a matter of public concern. In the alternative,

---

[1] See 3d Cir. I.O.P. 9.1:

> It is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels. Thus, no subsequent panel overrules the holding in a precedential opinion of a previous panel. Court en banc consideration is required to do so.

the Borough asks this court to vacate the judgment of the District Court and to remand this matter to the District Court for its reconsideration in light of the Supreme Court's decision.

As the Supreme Court stated, and the parties agree, whether something is a matter of public concern is a question of law for the court. *See Connick*, 461 U.S. at 148 n.7. In its supplemental memorandum the Borough notes the language in the Supreme Court's *Guarnieri* opinion where the Court stated that a "petition that involves nothing more than a complaint about a change in the employee's own duties does not relate to a matter of public concern." *Guarnieri*, 131 S. Ct. at 2501 (quotations omitted). Guarnieri responds that his dismissal was a matter of great actual concern to the residents of Duryea, and he refers to newspaper reports of the dispute. The Supreme Court stated that "whether an employee's petition relates to a matter of public concern will depend on 'the content, form, and context of [the petition], as revealed by the whole record.'" *Id.* (alteration in original) (quoting *Connick*, 461 U.S. at 147-48 n.7). We are not prepared to hold on this meager record that the dismissal of a police chief in a small town can never be a matter of public concern in that community.[2] It might be, for example, if the Chief were dismissed because he disfavored one race over another, or because he overlooked actions of a sexual predator. We do not suggest that there is any such issue lurking in this matter, but

---

[2] Guarnieri has filed a motion to expand record and file supplemental appendix. Counsel is aware that this court is not the forum to decide questions of fact in the first instance. On remand, the parties may raise that issue with the District Court. We express no view on that motion.

merely note that not all dismissals of government employees would necessarily fall on one side or another of the rule. As the Supreme Court itself recognized, it would depend on the circumstances.

This is a matter more appropriately to be decided by the District Court. We will therefore allow the District Court the opportunity to consider the issue in the first instance.

Accordingly, we will vacate the order of the District Court and remand for consideration in light of the Supreme Court's opinion.